**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-83

UNITED STATES TAX COURT

OLEN C. GRANT, SR., AND ALMA J. GRANT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1471-12S L.                    Filed October 29, 2013.

Olen C. Grant, Sr., and Alma J. Grant, pro sese.

<u>Timothy A. Froehle</u>, for respondent.

SUMMARY OPINION

HAINES, <u>Judge</u>:  This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code, as amended and in effect at all relevant times.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Pursuant to section 6330, petitioners seek review of respondent's determination to proceed with collection of their unpaid 2008 income tax of $25,275.[2]  The issue for decision is whether the Internal Revenue Service (IRS) Appeals Office abused its discretion in sustaining the IRS' proposed levy action against petitioners and denying petitioner's proposed installment agreement.  We hold it did not.

## Background

Some of the facts have been stipulated and are so found.  Those exhibits attached to the stipulations which were found admissible are incorporated by this reference.  Petitioners resided in California when the petition was filed.

Respondent mailed petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) for the unpaid 2008 tax liability.  In response to the levy notice, petitioners requested a section 6330 collection due process (CDP) hearing or an equivalent hearing for 2007, 2008, and 2009 and requested an installment agreement as a collection alternative.

_____

[2]All amounts are rounded to the nearest dollar.

Respondent sent petitioners a letter denying their request for a CDP hearing or an equivalent hearing for 2007 and 2009. The request for 2007 was denied because it was not received within one year of the relevant lien or levy notice, making the request untimely. See sec. 6330(a)(3)(B); secs. 301.6320-1(i)(2), Q&A-I7, 301.6330-1(i)(2), Q&A-I7, Proced. & Admin. Regs. The request for 2009 was denied because it was made before any lien or levy notice had been issued for 2009, making it premature and invalid. See Andre v. Commissioner, 127 T.C. 68, 74 (2006).

The CDP hearing request for 2008 was timely and respondent assigned Settlement Officer Lorraine O'Shaughnessy (SO O'Shaughnessy) to conduct petitioners' CDP hearing. SO O'Shaughnessy sent petitioners a letter scheduling a CDP hearing and requesting petitioners submit to the IRS Appeals Office a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation. Petitioners submitted the requested financial information, which SO O'Shaughnessy reviewed before the scheduled CDP hearing.

In December 2011 SO O'Shaughnessy held the scheduled CDP hearing with petitioners by telephone conference. Petitioners did not raise the underlying tax liability during the CDP hearing, nor did they raise any defenses or challenges to

the appropriateness of the proposed collection action.  Petitioners did, however, propose as a collection alternative an installment agreement under which they would make monthly payments of $750 toward their 2008 tax liability.

On the basis of the financial information petitioners provided and other information Mr. Grant provided during the CDP hearing, SO O'Shaughnessy calculated that petitioners had gross monthly income of $20,121 and monthly allowable expenses of $15,311, for total disposable monthly income of $4,810. SO O'Shaughnessy determined that she could offer petitioners an installment agreement with a $1,330 payment per month for the first year, and a $4,800 payment per month thereafter.  Petitioners maintained that they would be unable to afford the offered installment payments but did not submit a counteroffer for SO O'Shaughnessy's consideration.

Shortly after the scheduled CDP hearing SO O'Shaughnessy issued a determination notice sustaining the proposed collection action for 2008. Petitioners filed a petition with this Court challenging that determination. Petitioners did not challenge respondent's determination that petitioners were not entitled to a CDP hearing for 2007 or 2009.

Discussion

When a levy is proposed to be made on any property or right to property, a taxpayer is entitled to a notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the Appeals Office. Secs. 6330(a) and (b), 6331(d). If the taxpayer requests a hearing, he may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including challenges to the appropriateness of the collection action and "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." Sec. 6330(c)(2)(A)(iii). A determination is then made which takes into consideration those issues, the verification that the requirements of applicable law and administrative procedure have been met, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3)(C).

Where the validity of the underlying tax liability is not properly in issue, we review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Black v. Commissioner, T.C. Memo. 2002-307 (reviewing the Commissioner's determination regarding an installment

agreement proposed at a section 6330 hearing under an abuse of discretion standard), aff'd, 94 Fed. Appx. 968 (3d Cir. 2004); Schulman v. Commissioner, T.C. Memo. 2002-129. Generally, we may consider only those issues that the taxpayer raised during the CDP hearing. See sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Magana v. Commissioner, 118 T.C. 488, 493 (2002).

Petitioners have not disputed the tax liability for 2008. Therefore, the only relevant issue is whether SO O'Shaughnessy abused her discretion by rejecting petitioners' proposed installment agreement for 2008. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).

In order to qualify for an installment agreement taxpayers must disclose their current financial condition to the Appeals officer reviewing their case. See Orum v. Commissioner, 123 T.C. 1, 13 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Internal Revenue Manual pt. 5.19.1.5.4.1(i) (Nov. 3, 2010). Petitioners proposed monthly payments of $750 toward their $25,275 tax liability. SO O'Shaughnessy reviewed petitioners' financial information. On the basis of that information, she determined that petitioners were able to pay $1,300 per month for the first year and $4,800 per month thereafter. Petitioners contend that they cannot afford those payments, but they did not present any further alternatives.

We received as exhibits the financial information petitioners presented to SO O'Shaughnessy. After reviewing that information, we find that SO O'Shaughnessy's rejection of petitioners' proposed installment agreement was not arbitrary, capricious, or without sound basis in law or fact. Petitioners did not otherwise present any persuasive evidence or arguments demonstrating that SO O'Shaughnessy had abused her discretion. Accordingly, we hold the IRS Appeals Office did not abuse its discretion in denying petitioners' proposed installment agreement and sustaining the IRS' proposed levy action against petitioners.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.